The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes. The appealing party has shown no good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award except with minor modifications.
 ***********
A pre-trial agreement was not entered into by the parties as the defendant is unrepresented. Furthermore, there were no stipulations entered into by the parties.
 ***********
Based on the evidence of record and the findings of fact of the Deputy Commissioner, the Full Commission finds as follows
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 27 years old and taking computer classes at Durham Technical Community College.
2. Plaintiff's employment history includes selling and delivering construction supplies for TCS Enterprises.
3. Plaintiff testified that he worked at defendant-employer's work site for a period of more than a week but less than ten days before his injury of March 11, 1999. Plaintiff further testified that he worked everyday during that period except for weekends.
4. Defendant-employer was primarily engaged in the roofing business and lined up all of the jobs, gave estimates to homeowners and ordered all of the materials and supplies for the jobs.
5. At all times relevant herein, defendant-employer was engaged in the roofing business as a sole proprietorship doing business as Marc Dudek Roofing, employing in excess of three persons in connection with the roofing business in Wake, Durham and Orange counties.
6. Defendant-employer exercised control over the work and furnished tools and materials for the performance of the work.
7. On March 11, 1999, plaintiff sustained an injury at defendant-employer's work site when he slipped off a roof and fell onto a concrete walkway experiencing a severe right lower leg/ankle injury.
8. Plaintiff was taken to Raleigh Community Hospital and underwent surgery to stabilize his right lower leg/ankle. Plaintiff was hospitalized for 3 days. Plaintiff's right lower leg/ankle was placed into a halo device. Plaintiff received treatment from Robert Jones, M.D. with Raleigh Orthopaedic for four months and underwent physical therapy for approximately two months.
9. As a result of plaintiff's March 11, 1999 injury, plaintiff has incurred medical bills, prescriptions costs, miscellaneous expenses and travel expenses.
10. Plaintiff was unable to earn any wages in any employment from March 11, 1999 to August 31, 1999 as a result of his injury by accident. Plaintiff was rated with a 25% permanent partial impairment of his right foot (leg below the knee).
11. Defendant-employer failed to maintain workers' compensation insurance coverage for his employees.
12. The greater weight of the evidence including the credible testimony of Marc Dudek, owner of defendant-employer, reveals that he did not hire plaintiff as one of defendant's employees. Testimony from employees that plaintiff was in fact an employee is given lesser weight. In fact when an employee, Joe Fitzgibbon, asked Mr. Dudek to hire plaintiff, he refused. Furthermore, when Mr. Dudek arrived at the job site and saw plaintiff on the roof, he told plaintiff to get down. Plaintiff apparently was told he could work by another one of the defendant-employers' workers. When plaintiff told Mr. Dudek he had 40 hours of work, he paid plaintiff $400.00 in cash but did not believe that plaintiff had worked 40 hours.
 ***********
The foregoing findings of fact and conclusions of law engender the following:
 CONCLUSIONS OF LAW
1. At the time of the injury, defendant-employer was a sole proprietorship, which regularly employed three or more employees. Accordingly, the parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act. N.C.G.S. § 97-2.
2. Although defendant-employer's workers were actually employees and not independent contractors, the evidence of record demonstrates that plaintiff was not employed by defendant-employer at the time of the injury by accident. Therefore, as the employment relationship did not exist between plaintiff and defendant-employer, plaintiff is not entitled to workers' compensation benefits. N.C.G.S. § 97-2.
 ***********
Based upon the foregoing findings of fact, the Full Commission enters the following:
 ORDER
1. Plaintiff's claim under the law must be and is hereby DENIED.
2. Each side shall pay its own costs.
This the ___ day of September 2001.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/______________ RENE C. RIGGSBEE COMMISSIONER